UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ALBERTA E. SCHROEDER, | Case No. CV 08-1277 AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| UNITED STATES OF AMERICA; SECRETARY OF THE UNITED STATES DEPARTMENT OF AGRICULTURE; ADMINISTRATOR OF THE RURAL HOUSING SERVICE, UNITED STATES DEPARTMENT OF AGRICULTURE; OREGON STATE DIRECTOR OF RURAL DEVELOPMENT, UNITED STATES DEPARTMENT OF AGRICULTURE, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

*Introduction*

This matter is currently before the court on the Plaintiff's Motion for Attorney Fees and Costs

(#58) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff, Alberta E. Schroeder ("Schroeder") alleged Defendants failed to implement a final determination of the National Appeals Division ("NAD") and asked the court to order implementation. This court granted summary judgment for Schroeder and required Defendants to accept Schroeder's payment, clear the encumbrances on her property, and relieve the property from the restricted-use provision. Schroeder now applies for an award of attorney fees and costs against the Defendants. For the reasons that follow, the court finds for Schroeder and awards attorney fees in the amount of $25,296.16 and costs in the amount of $434.50 under the EAJA.

*Factual Background*

Schroeder purchased property in 1984 subject to the condition that for twenty years from September 1, 1984, restricted use was to continue regardless of payment or non-payment of the total obligation. In November 2004, Schroeder notified Rural Housing Service ("RHS"), an agency of the United States Department of Agriculture ("USDA"), that she wished to pay the remaining financial obligation. RHS refused to accept the payment because the prepayment would be inconsistent with the Emergency Low Income Housing Protection Act ("ELIPHA").[1]

In April of 2006, RHS commenced formal procedures under ELIHPA and conducted a Civil Rights Impact Analysis ("CRIA"). RHS concluded that prepayment would have an adverse affect on housing opportunities for minorities and result in a shortage of decent, safe, sanitary, and affordable housing in the area to program-eligible tenants. Schroeder appealed this determination in February of 2007 to the National Appeals Division ("NAD") and the NAD Hearing Officer

---

[1] ELPIHA was enacted several years after Schroeder bought the property and the Ninth Circuit affirmed the ELIPHA applied to Schroeder's loan in July of 2009. *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009).

dismissed the appeal, finding the determination was a recommendation and thus not a decision appealable under the NAD. In October of 2007, the NAD Director reversed and remanded the NAD Hearing Officer's determination. The NAD Hearing Officer found that RHS incorrectly determined the adverse impact based on the CRIA. The USDA did not appeal this decision and it became final. The deadline to implement the first NAD determination was June 2, 2008. RHS did nothing until August of 2008 when RHS wrote Schroeder to inform her RHS would conduct a new CRIA.

On October 27, 2008, RHS certified the second CRIA, which found no adverse impact but a shortage in housing. Schroeder appealed the second CRIA and the NAD Hearing Officer found in favor of Schroeder in May of 2009. The NAD Director reversed in August of 2009 and on November 6, 2009, denied Schroeder's request for reconsideration. Schroeder filed a lawsuit to enforce implementation of the first NAD determination on October 28, 2008. This court granted summary judgment in favor of Schroeder and ordered RHS to implement the first NAD determination to allow Schroeder to prepay without restriction within 30 days of the opinion. Schroeder moves for an award of attorney fees and expenses under the EAJA alleging that the position of Defendants was not substantially justified.

*Legal Standard*

The basic standard is set by statute. Attorney fee awards pursuant to the EAJA are governed by 28 U.S.C. § 2412(d)(1)(A), which provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . , incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

To be eligible for a fee award under the EAJA, a party must show the following: (1) the claimant is a prevailing party; (2) the party is financially eligible to receive an award; (3) the position of the Government was not substantially justified; (4) no special circumstances make an award unjust; and (5) a fee application is submitted within 30 days and supported by an itemized statement from an attorney showing the actual time spent and the billing rate. 28 U.S.C. § 2412(d)(1)(A); *Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990).

*Discussion*

Defendants contend Schroeder is not entitled to attorney fees and expenses because the government was substantially justified in its position. In the alternative, the Defendants request a reduction in the fee award by granting a lower hourly rate and fewer number of hours. Thus the sole issue for resolution is whether or not the government's position in this case was substantially justified.

A.  Entitlement to Attorney Fees

   1. *Undisputed Issues*

Defendants do not dispute: (1) Schroeder is the prevailing party; (2) Schroeder is financially eligible; (3) no special circumstances exist which make an award unjust; (4) and Schroeder supported her motion with an adequate and sufficient itemization and documentation.

   2. *Attorney Fees are Appropriate*

Defendants challenge the award on the basis that they had substantial justification for their position. Defendants acknowledge the government bears the burden of proving that its position was substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). The EAJA provides:

> Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B). The Ninth Circuit held "substantial justification is equated with reasonableness . . . The government's position is substantially justified if it 'ha[d] a reasonable basis in law and fact.'" *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Ramon-Sepulveda v. INS,* 863 F.2d 1458, 1459 (9th Cir. 1988)). The statutory phrase substantially justified means "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In *Pierce,* the plaintiff challenged the decision of the government not to implement an "operating subsidy" program authorized by federal statute to provide payments to owners of government-subsidized apartment buildings. *Id*. at 555. The Supreme Court found that the merits of the government's litigating position did not command the conclusion that their position was substantially justified. *Id*. at 571. Therefore, the District Judge did not abuse his discretion when he found their position not to be substantially justified. *Id*. at 571.

Here, Defendants assert their actions were substantially justified in conducting the second CRIA and not implementing the first NAD determination because they followed the remedy provided for in the Administrative Procedure Act ("APA"). Defendants allege "[u]nder the APA, the normal remedy for an unlawful agency action is to 'set aside' the action . . . and remand to the agency to act in compliance with its statutory obligations." *Wong v. Napolitano*, 2010 WL 916274 at *15 (D. Or. March 10, 2010) (citing *Southwest Alaska Conservation Council v. U.S. Army Corps of Engineers*, 486 F.3d 638, 654 (9th Cir. 2007), rev'd on other grounds, *Coeur Alaska, Inc. v. Southwest Alaska Conservation Council*, 129 S.Ct. 2458 (2009)). Defendants argue that RHA was

substantially justified in issuing a second CRIA to comply with its statutory duty as it had a reasonable basis in fact and law under the APA.

The court finds that the government's position lacks merit. First, the position overlooks the Defendant's failure to implement the first NAD determination within the period required by law. The court found that Defendants took no action to even begin implementation within the time set by the controlling regulations. Furthermore, the Defendants failed to provide Schroeder an explanation of why the first NAD determination would not be implemented within that time frame.

Second, when the Defendants did take action, they chose to implement the first NAD determination by conducting a second CRIA – something the Hearings Officer never ordered or suggested, and an action that instead was inconsistent with the first NAD determination. RHS never argued the initial CRIA was flawed, and it never pointed to any portion of the first NAD determination that expressly or impliedly authorized a second CRIA. The court stated previously that Defendants "committed a clear error by interpreting the NAD determination to allow them to conduct a second CRIA, as there is no reasonable basis in the determination to support that interpretation." (Op. and Order 2.) This court found the second NAD determination moot because it was unwarranted, and thus it was not justified.

For the reasons above, the court concludes that the position of the government was not substantially justified. Schroeder therefore is entitled to attorney fees and costs pursuant to the EAJA.

B.     Amount of Attorney Fees

Defendants dispute the amount of attorney fees Schroeder requests. Schroeder seeks fees of $29,134.50 for 143.5 hours worked at an hourly rate of $200. Defendants challenge both the rate

and the number of hours, and they propose that an hourly rate of no more than $172.85 per hour be applied and fees for no more that 67.1 hours be awarded.

### 1. Hourly Rate

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit calculated statutory maximum rates under the EAJA through the year 2009.[2] Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ("CPI-U") for the years in which counsel's work was performed, and then dividing by the CPI-U figure for March 1996, the effective date of the EAJA's $125 statutory rate. *See Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). The CPI-U for 2010 can be determined by averaging the available monthly CPI-U figures for the year.[3] The calculations found on the Ninth Circuit website reflect the formula found in *Sorenson*. Based on cost of living increases, Schroeder is entitled to $172.85 per hour for work performed in 2008, $172.24 per hour for work performed in 2009, and $174.57 per hour for work performed in 2010.

In addition to an adjustment reflecting an increase in cost of living, the statutory rate may be enhanced if there is a special factor. Three requirements must be met for a court to award enhanced attorney fees exceeding the statutory limits: (1) "the attorney must possess distinctive knowledge and

---

[2] http://www.ca9.uscourts.gov/attorneys/ (follow "Statutory Maximum Rates Under the Equal Access to Justice Act" hyperlink).

[3] Bureau of Labor Statistics, U.S. Department of Labor, CPI Detailed Report Data for May 2010 (2010), http://www.bls.gov/cpi/cpid1005.pdf.

skills developed through a practice specialty"; (2) "those distinctive skills must be needed in the litigation"; and (3) "those skills must not be available elsewhere at the statutory rate". *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991). *Pierce* specifically states "in some specialized sense, rather than just in their general legal competence . . . refers to attorneys having some distinctive knowledge or specialized skill to an extraordinary level of the general lawerly knowledge and ability useful in all litigation." 487 U.S. at 572. Examples include "an identifiable practice specialty such as patent law, or knowledge of foreign law or language." *Id.* at 572.

Schroeder argues the requested hourly rate is justified as a cost of living increase, a special factor, or a combination of the two. Defendants assert Schroeder did not ask for an enhanced fee based on distinctive knowledge and skills developed through a specialized practice. Defendants argue the hourly fee is limited to the statutory rate of $125 per hour with cost of living increases.

Schroeder's attorney has been licensed to practice law since 1951 and he has been counsel for Schroeder from the beginning of the dispute. The customary fee charged by Schroeder's attorney is $200 per hour and the prevailing rate for similar services in the communities in which he ordinarily practices is in excess of $125 per hour. These qualifications, however, do not meet the requirements set forth for an enhanced fee. Based on the record before it, not withstanding the points Schroeder offers for consideration on the issue, the record does not support a finding of special factors to enhance the statutory rate.

Accordingly, the court does not grant an enhanced hourly rate under the EAJA of $200 based on a "special factor." The court does, however, grant the hourly rate of $172.85 per hour for work performed in 2008, $172.24 per hour for work performed in 2009, and $174.57 per hour for work performed in 2010 based upon the statutory rate of the EAJA with a cost of living adjustment.

*2. Number of Hours*

Schroeder requests 143.5 hours. Defendants object to the number of hours sought by Schroeder arguing that substantial amount of time was not expended on this action. Specifically, Defendants contest: (1) 5.8 hours spent on matters prior to litigation of this case; (2) 70.6 hours spent on a separate NAD matter; and (3) time expended after June 2, 2008.

a. <u>Work prior to Litigation</u>

Defendants object to 5.8 hours that Schroeder spent on matters prior to litigation. Two hours refer to the receipt and study of the EAJA application determination and review of requirements for satisfaction. The remaining 3.8 hours expended prior to litigation refer to correspondence to RHS requesting implementation of the first NAD determination. The EAJA provides that "'fees and other expenses' include the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A).

The record here supports a fee award that includes the 5.8 hours spent by Schroeder prior to litigation. Accordingly, the court declines to reduce Schroeder's requested hours.

b. <u>Hours Spent on the Second NAD</u>

The statutory text of the EAJA is not specific as to the number or type of hours that can be requested except that "a court shall award to a prevailing party . . . fees and other expenses, . . . incurred by that party in any civil action." 28 U.S.C. § 2412(d)(1)(A). The purpose of the EAJA is to eliminate the financial deterrent for a private individual to challenge unreasonable government

action.[4] *Jean*, 496 U.S. at 163. *Jean* states, "[a]ny given civil action can have numerous phases. While the parties' postures on individual matters may be more or less justified the EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line-items." *Id.* at 162. In *Hudson,* the Supreme Court held that administrative proceedings are "necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded." *Sullivan v. Hudson*, 490 U.S. 877, 888 (1989). The *Hudson* holding, however, has been narrowed to limit recovery of attorney fees to post-litigation situations in which there is a court-ordered remand for further administrative proceedings. *Nadarajah v. Holder*, 569 F.3d 906, 919 (9th Cir. 2009). Defendants argue that for a plaintiff to recover fees under the EAJA for time spent in administrative proceedings, the work must be "intimately connected" to the primary litigation before the court. *Id.* at 919-920. They contend the second CRIA was not intimately connected to the primary action.

In the primary litigation, implementation of the first NAD determination was ordered. Before this, Defendants committed an error when they mistakenly interpreted the determination to authorize conducting a second CRIA. The second CRIA was intimately connected to the primary action, a fact Defendants asserted during the case. In a letter to the court on December 4, 2009, Defendants wrote:

> The Defendant[s] believe that the NAD proceedings, which culminated in a final administrative decision on November 6, 2009, are relevant and an integral part of the instant litigation.

This language demonstrates the government itself acknowledged that the second NAD was

---

[4]Congress intended to "reduce the deterrents and disparity by entitling certain prevailing parties to recover an award of attorney fees, expert witness fees and other expenses against the United States." H.R. Rep. No. 96-1418, at 5-6 (1980), reprinted in 1980 U.S.C.C.A.N. 4984, 4984.

intimately connected to the current action before the court. Thus the court rejects the argument that the second CRIA is not intimately connected to this case and awards Schroeder the requested 70.6 hours related to the second NAD for the reasons above.

### c. Hours Requested after June 2, 2008

Defendants also argue that Schroeder is not entitled to fees accrued after the administrative record in this matter closed on June 2, 2008. Defendants do not specify the number of hours objected to or provide legal or analytical support for this position. They merely refer to the date the administrative record closed, without more. The court finds that Schroeder may recover fees for time incurred after June 2, 2008, and that such recovery is consistent with the purpose of the EAJA.

### d. Time Spent Preparing EAJA Motion and Reply

The prevailing party is automatically entitled to attorney's fees for any fee litigation once the district court has made a determination that the government's position lacks substantial justification. *Love*, 924 F.2d at 1497 (citing *Jean*, 496 U.S. at 161). Schroeder requests six hours for preparation of the motion for attorney fees. Schroeder also seeks three additional hours be awarded for preparation of the reply. The court awards the requested six hours to prepare the motion and an additional three hours in attorney fees.

*3. Fees Awarded*

In summary, the court awards a total of $25,296.16 to Schroeder for attorney fees. This reflects 24.6 hours in 2008 at a rate of $172.85, 101.3 hours in 2009 at an hourly rate of $172.24, and 20.6 hours in 2010 at an hourly rate of $174.57.

C.   Expenses

Schroeder claims $434.50 in expenses. Defendants do not object to $434.50 in expenses for

mileage from Vale to Portland for oral argument calculated by the federal mileage allowance. Accordingly, the court awards $434.50 in expenses to Schroeder.

## Conclusion

Schroeder's motion (#58) for an award of attorney fees and expenses under EAJA is granted in part. Schroeder is entitled to the total amount of $25,730.66. This reflects 24.6 hours in 2008 at a rate of $172.85, 101.3 hours in 2009 at an hourly rate of $172.24, 20.6 hours in 2010 at an hourly rate of $174.57, and $434.50 in expenses.

## Order

Plaintiff's Motion for Attorney Fees and Costs pursuant to the Equal Access to Justice Act is GRANTED in part. Schroeder is entitled to a fee of $25,730.66, which the court hereby awards.

IT IS SO ORDERED.

DATED this 13th day of August, 2010.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge